IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA, :
:
      Plaintiff, :
: CR-2-12-079
-v.- : JUDGE MARBLEY
:
JASON L. HUTCHINSON, :
:
      Defendant. :

PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the Indictment returned in this action contained a forfeiture allegation (Forfeiture A) notifying Defendant Jason L. Hutchinson that the United States sought the forfeiture of specific property of Defendant Jason L. Hutchinson, pursuant to 18 U.S.C. §2253(a)(1) and (3) based on the conduct of Defendant Jason L. Hutchinson in Counts One through Three of the Indictment, in violation of 18 U.S.C. §§2251(a) and (e) and 18 U.S.C. §2252(a)(4)(B), which property is fully described below ("subject property"); and

WHEREAS, on August 24, 2012, Defendant Jason L. Hutchinson entered a Plea of Guilty to Count Two of the Indictment[1]; and

WHEREAS, in the Plea Agreement entered on May 30, 2012, Defendant Jason L. Hutchinson acknowledged liability for the forfeiture alleged in Forfeiture A of the Indictment involving certain facilitating computer equipment and visual depictions of

---

[1] Please see Paragraph Nine of Defendant Jason L. Hutchinson's Plea Agreement regarding the disposition of Counts One and Three of the Indictment.

child pornography, all of which were seized from Defendant Jason L. Hutchinson at the time of the execution of the search warrant. Defendant Jason L. Hutchinson agreed to co-operate fully in the forfeiture of the computer equipment, accessories, and child pornography, and also agreed not to contest the forfeiture in any way or to assist others in contesting the forfeiture. Defendant Jason L. Hutchinson further agreed to abandon any and all pornographic materials seized, whether depicting adults or minors or both, and agreed to abandon all photographs which depict minors, other than photographs of clothed minor members of his own family.

WHEREAS, by virtue of said Indictment, Guilty Plea, and Plea Agreement the Court has determined that the requisite nexus exists between the subject property and Count Two of the Indictment, that the subject property is forfeitable pursuant to 18 U.S.C. §2253(a)(1) and (3), and that the United States is now entitled to possession of the subject property.

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED:**

1. That Defendant Jason L. Hutchinson shall forfeit to the United States the subject property, that is:

   (A) All matter containing said visual depictions or child pornography and child erotica, transported, mailed, shipped, and possessed in violation of 18 U.S.C. §§2251(a) and (e); and

   (B) All property used and intended to be used to commit and to promote the commission of the aforementioned violations, including but not limited to the following:

(1) One (1) Seagate hard-drive, SN: 5PK1BZCW, including its contents;

(2) One (1) Dell Inspirion One desktop computer, SN: 1501003074, including its contents, and attached web camera;

(3) One (1) 8GB San Disk memory card, including its contents; and,

(4) One (1) 4GB PNY thumb-drive, including its contents.

2. That the United States Marshals Service shall immediately seize the subject property and hold same in its secure custody and control.

3. That the United States is authorized to conduct any discovery proper in identifying, locating or disposing of the subject property in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. That the United States shall publish, in accordance with the provisions of 21 U.S.C. §853(n), notice of this Order and notice of its intent to dispose of the subject property in such manner as the Attorney General may direct.

5. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding in accordance with Fed. R. Crim. P. 32.2(b)(6).

6. That pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to Defendant Jason L. Hutchinson at the time of sentencing and shall be made

part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. That following the Court's disposition of all petitions filed pursuant to 21 U.S.C. §853(n), or, if no such petitions are filed, following the expiration of the period for the filing of such petitions, the United States shall have clear title to the subject property.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

ORDERED this 24 day of Sept, 2012.

HONORABLE ALGENON L. MARBLEY
UNITED STATES DISTRICT COURT JUDGE

4